BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

IOANA PETROU (CABN 170834)
JONATHAN D. SCHMIDT (CABN 230646)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7189
    Facsimile: (415) 436-7234
    ioana.petrou@usdoj.gov
    jonathan.schmidt@usdoj.gov

SONDRA L. MILLS (DCBN 367463)
ALLAN GORDUS (MOBN 48210)
Trial Attorneys

    DOJ Office of Consumer Litigation
    Liberty Square Building
    450 5th Street, NW, Sixth Floor South
    Telephone: (202) 616-2375
    FAX: (202) 514-8742
    sondra.mills@usdoj.gov
    allan.gordus@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 08-0164 MHP |
|     Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
|     v. | |
| W. SCOTT HARKONEN, | |
|     Defendant. | |

    Defendant W. Scott Harkonen is charged with violations of Title 18, United States Code, Sections 1343 and 2 – wire fraud and aiding, and Title 21, United States Code, Sections 21 U.S.C. §§ 331(k), 333(a)(2) and 352(a) – doing acts, with intent to defraud and mislead, resulting in drugs being misbranded while held for sale following shipment in interstate commerce.

STIPULATION AND [PROPOSED] PROTECTIVE - CR 08-0164 MHP
1

1   The United States will produce certain individually identifiable health information
2   (defined as health information that is connected to a patient's name, address, Social Security
3   number of other identifying number, including HIC number) to defendant pursuant to the
4   government's discovery obligations.  The information produced may be subject to the provisions
5   of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the
6   provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records
7   to any entity outside the United States.
8   To expedite the production of discovery material and to adequately protect the
9   individually identifiable health information, the parties agree and stipulate that materials
10  containing individually identifiable health information will be handled in accordance with the
11  conditions set forth below.  In order to protect the confidentiality of this information, and with
12  the stipulation of the parties, the government asks the Court to enter the following protective
13  order:
14  1.   The parties agree that to designate "confidential" material covered by this
15  agreement, the United States shall so designate, on the material itself, on a diskette cover, or in
16  an accompanying cover letter, by using the following designation: "CONFIDENTIAL HEALTH
17  INFORMATION – SUBJECT TO PROTECTIVE AGREEMENT."  The failure to designate any
18  materials as provided in this paragraph shall not constitute a waiver of any assertion that the
19  materials are covered by this Protective Agreement
20  2.   The defendant, including defendant's counsel and their personnel, agree to use
21  these documents only for the purposes of this criminal action, and agree not to disclose these
22  materials to non-parties except as needed for the defense of this criminal action, and only if the
23  nonparty signs this letter, or another copy of this letter, which will be subsequently provided to
24  counsel for the United States.  If defense counsel wishes to utilize the services of any non-party,
25  including but not limited to an investigator, expert or other individual to review the protected
26  materials in connection with the preparation of a defense, <u>prior to receiving access to the</u>
27  <u>materials</u> such individual must sign a copy of the "Acknowledgment of Protective Order and
28  Proper Handling of Materials Subject Thereto" attached to a copy of this Order acknowledging

that:

    a)    he/she has reviewed the Order;

    b)    he/she understand its contents;

    c)    he/she agrees that he/she will only access the protected materials for the purposes of preparing the defense case;

    d)    he/she will not make any copies of any of the protected materials without further order of the Court; and

    e)    he/she understands that failure to abide by this Order may result in sanctions by this Court.

Defense counsel shall promptly file signed copies of the Order along with the signed Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto Order, ex parte and under seal. The government shall have no access to these signed copies without further order of the Court.

3.    All parties further agree that, absent an order of the court, these confidential documents will not be filed with the Court, or submitted to the Court or reproduced in any court filing, unless the document or filing is placed under seal or all information that would identify the subject to the document or filing has been removed.

4.    The parties agree that the procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties agree to consider redacting confidential documents to remove individual patient identifiers, request the Court to submit such documents under seal, code the documents to submit another designation for the patient's name or other identifying information, request that any exhibit be placed under seal, or assure that all identifying information has been removed.

No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

5.    Within 30 days of any judgment and sentencing, defendant shall return these confidential documents and all copies, as well as notes, memoranda, summaries, or other

STIPULATION AND [PROPOSED] PROTECTIVE - CR 08-0164 MHP

3

1   documents containing information from the designated confidential documents, to counsel for the
2   United States, or shall destroy these documents and certify in writing to counsel for the United
3   States that the documents have been destroyed.   If defendant believes that he must maintain the
4   protected material for any reason related to appeal, defendant must seek authorization from the
5   Court within 30 days of the sentencing and judgment in this matter.
6   SO STIPULATED
7
8   DATED:   April 23, 2008                                /S/
                                                WILLIAM M. GOODMAN
9                                               Attorney for Defendant Harkonen
10
11
    DATED:   April 23, 2008                                /S/
12                                              IOANA PETROU
                                                Assistant United States Attorney
13
14
15       IT IS ORDERED that disclosure of the above-described discovery materials shall be
16  restricted as set forth above.
17
18  DATED:                                       _____
                                                MARILYN HALL PATEL
19                                              United States District Court Judge
20
21
22
23
24
25
26
27
28

STIPULATION AND [PROPOSED] PROTECTIVE - CR 08-0164 MHP
4

**Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto**

    I _____ am employed as a(n) _____ and I am assisting _____ (attorney) in the preparation of the defense of W. Scott Harkonen.

    In anticipation of reviewing materials that contain individually identifiable health information, I have reviewed the attached Order. I understand its contents. I agree that I will only access the protected materials for the purposes of preparing the defense case. I will not make any copies of any of the protected materials without further order of the Court. I understand that failure to abide by this Order may result in sanctions by this Court.

STIPULATION AND [PROPOSED] PROTECTIVE - CR 08-0164 MHP