BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

IOANA PETROU (CABN 170834)
JONATHAN D. SCHMIDT (CABN 230646)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7189
   Facsimile: (415) 436-7234
   ioana.petrou@usdoj.gov
   jonathan.schmidt@usdoj.gov

SONDRA L. MILLS (DCBN 367463)
ALLAN GORDUS (MOBN 48210)
Trial Attorneys

   DOJ Office of Consumer Litigation
   Liberty Square Building
   450 5th Street, NW, Sixth Floor South
   Telephone: (202) 616-2375
   FAX: (202) 514-8742
   sondra.mills@usdoj.gov
   allan.gordus@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 08-0164 MHP |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| W. SCOTT HARKONEN, | |
| Defendant. | |

   Defendant W. Scott Harkonen is charged with violations of Title 18, United States Code, Sections 1343 and 2 – wire fraud and aiding, and Title 21, United States Code, Sections 21 U.S.C. §§ 331(k), 333(a)(2) and 352(a) – doing acts, with intent to defraud and mislead, resulting in drugs being misbranded while held for sale following shipment in interstate commerce.

1  The United States will produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number of other identifying number, including HIC number) to defendant pursuant to the government's discovery obligations. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the United States.

To expedite the production of discovery material and to adequately protect the individually identifiable health information, the parties agree and stipulate that materials containing individually identifiable health information will be handled in accordance with the conditions set forth below. In order to protect the confidentiality of this information, and with the stipulation of the parties, the government asks the Court to enter the following protective order:

1.  The parties agree that to designate "confidential" material covered by this agreement, the United States shall so designate, on the material itself, on a diskette cover, or in an accompanying cover letter, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE AGREEMENT." The failure to designate any materials as provided in this paragraph shall not constitute a waiver of any assertion that the materials are covered by this Protective Agreement

2.  The defendant, including defendant's counsel and their personnel, agree to use these documents only for the purposes of this criminal action, and agree not to disclose these materials to non-parties except as needed for the defense of this criminal action, and only if the nonparty signs this letter, or another copy of this letter, which will be subsequently provided to counsel for the United States. If defense counsel wishes to utilize the services of any non-party, including but not limited to an investigator, expert or other individual to review the protected materials in connection with the preparation of a defense, <u>prior to receiving access to the materials</u> such individual must sign a copy of the "Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto" attached to a copy of this Order acknowledging

that:

    a)    he/she has reviewed the Order;

    b)    he/she understand its contents;

    c)    he/she agrees that he/she will only access the protected materials for the purposes of preparing the defense case;

    d)    he/she will not make any copies of any of the protected materials without further order of the Court; and

    e)    he/she understands that failure to abide by this Order may result in sanctions by this Court.

Defense counsel shall promptly file signed copies of the Order along with the signed Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto Order, ex parte and under seal. The government shall have no access to these signed copies without further order of the Court.

3. All parties further agree that, absent an order of the court, these confidential documents will not be filed with the Court, or submitted to the Court or reproduced in any court filing, unless the document or filing is placed under seal or all information that would identify the subject to the document or filing has been removed.

4. The parties agree that the procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties agree to consider redacting confidential documents to remove individual patient identifiers, request the Court to submit such documents under seal, code the documents to submit another designation for the patient's name or other identifying information, request that any exhibit be placed under seal, or assure that all identifying information has been removed.

No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

5. Within 30 days of any judgment and sentencing, defendant shall return these confidential documents and all copies, as well as notes, memoranda, summaries, or other

1  documents containing information from the designated confidential documents, to counsel for the
2  United States, or shall destroy these documents and certify in writing to counsel for the United
3  States that the documents have been destroyed.  If defendant believes that he must maintain the
4  protected material for any reason related to appeal, defendant must seek authorization from the
5  Court within 30 days of the sentencing and judgment in this matter.
6  SO STIPULATED

8  DATED:  April 23, 2008                             /S/
                                            WILLIAM M. GOODMAN
9                                           Attorney for Defendant Harkonen

11
12 DATED:  April 23, 2008                             /S/
                                            IOANA PETROU
                                            Assistant United States Attorney

15      IT IS ORDERED that disclosure of the above-described discovery materials shall be
16 restricted as set forth above.

18 DATED:  4/23/2008

IT IS SO ORDERED
Judge Marilyn H. Patel

**Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto**

I _____ am employed as a(n) _____ and I am assisting ____ _____ (attorney) in the preparation of the defense of W. Scott Harkonen.

In anticipation of reviewing materials that contain individually identifiable health information, I have reviewed the attached Order. I understand its contents. I agree that I will only access the protected materials for the purposes of preparing the defense case. I will not make any copies of any of the protected materials without further order of the Court. I understand that failure to abide by this Order may result in sanctions by this Court.

STIPULATION AND [PROPOSED] PROTECTIVE - CR 08-0164 MHP
5

## ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER

### IN CR 08-0164 MHP *USA -v- W. Scott Harkonen*

The above (attached) stipulation re confidentiality is approved except as follows:

1) Counsel shall narrowly tailor the documents, materials or papers that come within this order

2) As applied to documents, materials or papers filed with the court, this order shall be used sparingly to cover only those items that are clearly trade secret, come within clearly defined areas of privileges accepted in the federal courts, or have a <u>compelling</u> need for confidentiality.

3) Documents, material or papers submitted as exhibits to or in support of motions or for pretrial, trial or other court proceedings shall not be filed under seal except by order the court.  The parties are reminded that the federal courts are public fora and matters to be heard by the court are conducted publicly.  Furthermore, documents, materials or other papers submitted as exhibits will remain as part of the court record and may not be withdrawn without order of the court.

4) Under no circumstances shall memoranda or pleadings required to be filed with the court pursuant to the Federal Rules of Civil Procedure or the Civil Local Rules of this District be filed under seal.

**IT IS SO ORDERED.**

Dated: April 23, 2008

_____
Marilyn Hall Patel
United States District Court Judge