KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
MARCUS S. TOPEL (SBN 54702)
mtopel@kasowitz.com
WILLIAM M. GOODMAN (SBN 61305)
wgoodman@kasowitz.com
101 California Street, Suite 2050
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

Attorneys for
**W. SCOTT HARKONEN**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>INTERMUNE, INC.,<br><br>Defendant. | Case No. CR 08-0164 MHP<br><br>**HARKONEN'S *EX PARTE* APPLICATION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 79-5 AND 7-10**<br><br>**Judge:** Hon. Marilyn Hall Patel<br>**Dept.:** 15 |

Pursuant to Civil Local Rules 7-10 and 79-5, Defendant W. Scott Harkonen ("Harkonen") moves this Court *ex parte* for an order permitting Harkonen to file under seal the following documents: signed "Acknowledgement of Protective Order and Proper Handling of Materials Subject Thereto" forms from non-party service providers retained by defense counsel in connection with Harkonen's defense.

The Stipulation and Superseding Protective Order ("Protective Order") entered by the Court in this matter on June 10, 2008 designates certain discovery materials "Confidential" and requires, should defense counsel wish to utilize the services of any non-party to review the protected materials in connection with the preparation of a defense, that:

1 …<u>prior to receiving access to the materials</u> such individual must sign a copy of the 'Acknowledgement of Protective Order and Proper Handling of Materials Subject Thereto' attached to a copy of [the Protective Order] acknowledging that:
(a)   he/she has reviewed the Order;
(b)   he/she understands its contents;
(c)   he/she agrees that he/she will only access the protected materials for the purposes of preparing the defense case;
(d)   he/she will not make copies of any of the protected materials without further order of the Court; and
(e)   he/she understands that failure to abide by this Order may result in sanctions by this Court.

Protective Order at 2-3 (emphasis in original), attached as Exhibit A to the Declaration of Tania M. Mortensen ("Mortensen Decl."), filed herewith. The Protective Order also requires defense counsel to promptly file signed copies of the Order along with the signed Acknowledgement form *ex parte* and under seal, and further provides, "[t]he government shall have no access to these signed copies without further order of the Court." <u>Id</u>. at 3.

Counsel for Harkonen wishes to utilize the services of a non-party, which services may include review of materials designated "Confidential" pursuant to the terms of the Protective Order. Accordingly, and in compliance with the Protective Order, the non-party has reviewed the Protective Order and executed the Acknowledgement form(s). Those signed forms must be filed confidentially under seal, with no access provided to the government.

For the reasons set forth above, Harkonen respectfully requests that the Court grant it leave to file under seal the above referenced Acknowledgement forms.

DATED: August 22, 2008            **KASOWITZ BENSON TORRES & FRIEDMAN LLP**

By: /s/ William M. Goodman
       WILLIAM M. GOODMAN

Attorneys for Defendant W. Scott Harkonen