KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
MARCUS S. TOPEL (SBN 54702)
mtopel@kasowitz.com
WILLIAM M. GOODMAN (SBN 61305)
wgoodman@kasowitz.com
101 California Street, Suite 2050
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

Attorneys for
**W. SCOTT HARKONEN**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTERMUNE, INC.,<br><br>　　　　Defendant. | Case No. CR 08-0164 MHP<br><br>**DECLARATION OF TANIA M. MORTENSEN IN SUPPORT OF HARKONEN'S *EX PARTE* APPLICATION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 79-5 AND 7-10**<br><br>**Judge:**　Hon. Marilyn Hall Patel<br>**Dept.:**　15 |

I, Tania M. Mortensen, make the following declaration:

　　　1.　　I am an attorney in good standing with the State Bar of California, and an associate at the law firm of Kasowitz, Benson, Torres & Friedman, LLP, counsel of record for defendant W. Scott Harkonen ("Harkonen") in the above-captioned matter. I have personal knowledge of the facts stated herein and would testify competently thereto if called upon to do so.

/ / /

/ / /

---

1

MORTENSEN DECLARATION ISO *EX PARTE* MOTION TO FILE UNDER SEAL: CASE NO. 08-cr-00164

2.  Attached hereto as Exhibit A is a true and correct copy of the signed Stipulation and Superseding Protective Order ("the Protective Order") entered by the Court in this matter on June 10, 2008. The Protective Order designates certain discovery materials "Confidential" and requires defense counsel to file Acknowledgement forms *ex parte* and under seal prior to providing such materials to a non-party service provider in connection with the preparation of a defense.

3.  Counsel for Harkonen wishes to utilize the services of a non-party in connection with the preparation of Harkonen's defense in this matter. Such services will include review of materials designated "Confidential" pursuant to the terms of the Protective Order.

4.  True and correct signed copies of "Acknowledgement of Protective Order and Proper Handling of Materials Subject Thereto" forms received from the non-party service provider referenced above have been lodged with the clerk pursuant to Local Rule 79-5. Pursuant to the Protective Order, those signed forms must be filed confidentially under seal, with no access provided to the government.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed in San Francisco, California, on this 22nd day of August, 2008.

TANIA M. MORTENSEN

# EXHIBIT A

1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   IOANA PETROU (CABN 170834)
3  JONATHAN D. SCHMIDT (CABN 230646)
   Assistant United States Attorneys
4
       450 Golden Gate Avenue, Box 36055
5      San Francisco, California 94102
       Telephone: (415) 436-7189
6      Facsimile: (415) 436-7234
       ioana.petrou@usdoj.gov
7      jonathan.schmidt@usdoj.gov

8  SONDRA L. MILLS (DCBN 367463)
   ALLAN GORDUS (MOBN 48210)
9  Trial Attorneys

10     DOJ Office of Consumer Litigation
       Liberty Square Building
11     450 5th Street, NW, Sixth Floor South
       Telephone: (202) 616-2375
12     FAX: (202) 514-8742
       sondra.mills@usdoj.gov
13     allan.gordus@usdoj.gov

14 Attorneys for Plaintiff

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18 UNITED STATES OF AMERICA,      )   CR No. 08-0164 MHP
19                                )
              Plaintiff,          )   STIPULATION AND [PROPOSED]
20                                )   SUPERSEDING PROTECTIVE ORDER
       v.                         )
21                                )
   W. SCOTT HARKONEN,             )
22                                )
              Defendant.          )
23 _____)

24
       Defendant W. Scott Harkonen is charged with violations of Title 18, United States Code,
25
   Sections 1343 and 2 – wire fraud and aiding, and Title 21, United States Code, Sections 21
26
   U.S.C. §§ 331(k), 333(a)(2) and 352(a) – doing acts, with intent to defraud and mislead, resulting
27
   in drugs being misbranded while held for sale following shipment in interstate commerce. More
28

SUPERSEDING PROTECTIVE ORDER - CR 08-0164 MHP
                                            1

1  specifically, the drug at issue is Actimmune and the conduct at issue took place when the
2  Defendant was employed by InterMune, Inc.
3      The Court has previously issued a protective order relating to discovery containing certain
4  individually identifiable health information (defined as health information that is connected to a
5  patient's name, address, Social Security number of other identifying number, including HIC
6  number) on 23, 2008.
7      At this time, the parties jointly seek a superseding protective order to include not only
8  discovery containing certain individually identifiable health information but also confidential
9  business, financial, proprietary, or other confidential information of third parties, including
10 InterMune, Inc., submitted to the United States Food and Drug Administration ("FDA") related
11 to drug applications and other filings and communications.
12     To expedite the production of discovery material and to adequately protect the
13 information provided health information and information provided to the FDA, the parties agree
14 and stipulate that materials containing financial, proprietary, or other confidential information of
15 a third party, InterMune, Inc., submitted to or in the possession of the United States Food and
16 Drug Administration ("FDA") or any material containing certain individually identifiable health
17 information will be handled in accordance with the conditions set forth below. In order to protect
18 the confidentiality of this information, and with the stipulation of the parties, the government
19 asks the Court to enter the following protective order:
20     1.   The parties agree that to designate "confidential" material covered by this
21 agreement, the United States shall so designate, on the material itself, on a diskette cover, or in
22 an accompanying cover letter, by using the following designation: "CONFIDENTIAL
23 INFORMATION – SUBJECT TO PROTECTIVE AGREEMENT."
24     2.   Counsel shall narrowly tailor the documents, materials, or papers that come within
25 this order.
26     3.   The failure to designate any materials as provided in this paragraph shall not
27 constitute a waiver of any assertion that the materials are covered by this Protective Agreement
28     4.   The defendant, including defendant's counsel and their personnel, agree to use

these materials only for the purposes of this criminal action, and agree not to disclose these materials to non-parties except as needed for the defense of this criminal action, and only if the nonparty signs this letter, or another copy of this letter, which will be subsequently provided to counsel for the United States. If defense counsel wishes to utilize the services of any non-party, including but not limited to an investigator, expert or other individual to review the protected materials in connection with the preparation of a defense, <u>prior to receiving access to the materials</u> such individual must sign a copy of the "Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto" attached to a copy of this Order acknowledging that:

    a)    he/she has reviewed the Order;

    b)    he/she understand its contents;

    c)    he/she agrees that he/she will only access the protected materials for the purposes of preparing the defense case;

    d)    he/she will not make any copies of any of the protected materials without further order of the Court; and

    e)    he/she understands that failure to abide by this Order may result in sanctions by this Court.

Defense counsel shall promptly file signed copies of the Order along with the signed Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto Order, ex parte and under seal. The government shall have no access to these signed copies without further order of the Court.

5. As applied to documents, materials, or papers filed with the court, this order shall be used sparingly to cover only those items that are clearly trade secret, come within clearly defined areas of privileges or confidentiality accepted in the federal courts, or have a compelling need for confidentiality.

6. Documents, material or papers submitted as exhibits to or in support of motions or for pretrial, trial or other court proceedings shall not be filed under seal except by order of the court. Documents, materials or other papers submitted as exhibits will remain as part of the

1 | court record and may not be withdrawn without order of the court.
2 |     7.    The parties agree that the procedures for use of designated confidential documents
3 | during any hearing or the trial of this matter shall be determined by the parties and the Court in
4 | advance of the hearing or trial. The parties agree to consider redacting confidential documents,
5 | request the Court to submit such documents under seal, code the documents to protect
6 | confidential information, request that any exhibit be placed under seal, or assure that all
7 | confidential information has been removed.
8 |     No party shall disclose designated confidential documents in open Court without prior
9 | consideration by the Court.
10 |     5.    Within 30 days of any judgment and sentencing, defendant shall return these
11 | confidential documents and all copies, as well as notes, memoranda, summaries, or other
12 | documents containing information from the designated confidential documents, to counsel for the
13 | United States, or shall destroy these documents and certify in writing to counsel for the United
14 | States that the documents have been destroyed. If defendant believes that he must maintain the
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | //
21 | //
22 | //
23 | //
24 | //
25 | /
26 | /
27 | /
28 | /

SUPERSEDING PROTECTIVE ORDER - CR 08-0164 MHP

4

1  protected material for any reason related to appeal, defendant must seek authorization from the
2  Court within 30 days of the sentencing and judgment in this matter.
3  SO STIPULATED
4
5  DATED: 6/2/08                         _____
                                          WILLIAM M. GOODMAN
6                                         Attorney for Defendant Harkonen
7
8  DATED: 6/2/08                         _____
9                                         IOANA PETROU
                                          Assistant United States Attorney
10
11
12       IT IS ORDERED that disclosure of the above-described discovery materials shall be
13  restricted as set forth above and that this Order supersedes and takes the place of the Stipulated
14  Protective Order dated 23, 2008.
15
16  DATED:  6/10/2008

IT IS SO ORDERED
Judge Marilyn H. Patel

SUPERSEDING PROTECTIVE ORDER - CR 08-0164 MHP

5

**Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto**

I _____ am employed as a(n) _____ and I am assisting _____ _____ (attorney) in the preparation of the defense of W. Scott Harkonen.

In anticipation of reviewing materials that contain individually identifiable health information, I have reviewed the attached Order. I understand its contents. I agree that I will only access the protected materials for the purposes of preparing the defense case. I will not make any copies of any of the protected materials without further order of the Court. I understand that failure to abide by this Order may result in sanctions by this Court.