1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  KYLE F. WALDINGER (ILBN 6238304)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6830
7      Facsimile: (415) 436-7234
       E-mail: kyle.waldinger@usdoj.gov
8
   ALLAN GORDUS (MOBN 48210)
9  Trial Attorney

10     DOJ Consumer Protection Branch
       Liberty Square Building
11     450 5th Street, NW, Sixth Floor South
       Washington, D.C. 20001
12     Telephone: (202) 307-1862
       Facsimile: (202) 514-8742
13     E-mail: allan.gordus@usdoj.gov

14 Attorneys for United States of America

15

16                UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19 | UNITED STATES OF AMERICA,          ) No.   CR 08-00164 RS
                                        )
20 |      Plaintiff,                    ) **STIPULATION AND [PROPOSED] ORDER**
                                        ) **REGARDING WAIVER OF PRIVILEGE**
21 |   v.                               )
                                        )
22 | W. SCOTT HARKONEN,                 )
                                        )
23 |      Defendant.                    )
                                        )
24                                      )

25      The parties stipulate and agree, and the Court finds upon a showing of good cause, that by

26 his Petition for Writ of Error Coram Nobis ("Petition"), dated July 30, 2014, the defendant W.

27 Scott Harkonen raises several issues with respect to his prior counsel's representation and that the

28 United States cannot fully respond to these claims without the requested waiver of the attorney-

STIPULATION AND [PROPOSED] ORDER
CR 08-00164 RS

client privilege and requested discovery.

The parties further stipulate and agree, and the Court finds, that the defendant has waived the attorney-client privilege in limited part, specifically as to the following areas:

1. The decision to present or not present expert evidence at trial regarding the truthful (i.e., non-false and non-misleading) presentation and interpretation of drug study data and regarding the question of whether the statements in the press release were actually false or misleading, *see* Petition, at 60-63;

2. Whether presentation of expert evidence at trial would have assisted the defendant's First Amendment defenses, *see id.* at 63-64;

3. The decision to present or not present expert evidence at trial regarding the materiality or non-materiality of the statements in the press release, *see id.* at 64-65;

4. Whether expert evidence regarding any of the areas listed above would have acted as circumstantial evidence of the defendant's non-fraudulent mental state, *see id.* at 65; and

5. The approach, nature, and scope of the cross-examination of the government's expert and other witnesses, *see id.* at 65-68; *see also id.* at 29 (quoting Order denying Rule 29 motion).

The parties further stipulate and agree, and the Court so finds, that the United States is entitled to inquire of attorneys Marcus Topel, Lyn Agre, William Goodman, and other attorneys who participated in the trial and defense of this matter ("trial team") regarding the trial team's decisions, thought processes, and opinions with respect to issues 1 through 5 listed above, as well as with respect to any oral communications with the defendant related to those subject areas and, furthermore, any written communications, notes, and materials relating to those subject areas.  The trial team is authorized to provide the requested privileged information and materials to the United States, and to file pertinent declarations with the Court concerning the claims raised in the Petition.

The parties further stipulate and agree, and the Court so holds, that the United States is precluded from using the privileged information and materials provided to the United States by the trial team for any purpose other than litigating the defendant's Petition, and that the United States may not disclose these privileged information and materials to any other persons, excluding other representatives of the United States Attorney's Office and United States Department of Justice who are assisting in responding to the defendant's Petition.

1  Finally, the parties stipulate and agree, and the Court so holds, that notwithstanding the foregoing the defendant reserves his right to object to the admission of any privileged information, documents, or other materials obtained from the trial team that the defendant believes do not fall within the scope of this waiver.

SO STIPULATED:

Dated: September 9, 2014

MELINDA HAAG
United States Attorney

_____/s/_____
KYLE F. WALDINGER
Assistant United States Attorney
ALLAN GORDUS
Trial Attorney

Dated: September 9, 2014

_____/s/_____
DENNIS P. RIORDAN
Attorney for defendant Harkonen

SO ORDERED:

Dated: September _9_, 2014

_____
HONORABLE RICHARD SEEBORG
United States District Judge

STIPULATION AND [PROPOSED] ORDER
CR 08-00164 RS

3